UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICKEY LEE MARTIN, #413601,

        Plaintiff,                                Hon. Robert J. Jonker

v.                                             Case No. 1:21-cv-330

UNKNOWN HENDERSON, et al.,

        Defendants.

_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Defendants' Motion for Summary Judgment. (ECF No. 50).   Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Defendants' motion be granted in part and denied in part.

## BACKGROUND

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Marquette Correctional Facility.   Plaintiff initiated this action against two Baraga Correctional Facility (AMF) Correctional Officers: (1) Robert Henderson and (2) Beth DeBoer.   In his complaint, Plaintiff alleges the following.

On March 3, 2021, Plaintiff was moved from Unit 5 to Unit 4.   Later that evening, Defendant DeBoer approached Plaintiff "seeking information on other prisoners in Unit 5."   Plaintiff refused to provide DeBoer with any information.

-1-

When DeBoer became "angry," Plaintiff "told her that if she didn't stop harassing him, he would write a grievance on her."

On March 9, 2021, Defendant Henderson approached Plaintiff's cell "after midnight" and began "banging on [Plaintiff's] cell" until he awoke and came to the door.   Henderson called Plaintiff a "punk bitch" and told him that in Unit 4 they do not tolerate prisoners who "intimidate officers and want to help punk ass inmates." Plaintiff told Henderson that he was going to write a grievance on him.   Henderson responded by charging Plaintiff with Threatening Behavior and having him transferred to segregation.   Plaintiff was found not guilty of the threatening behavior charge and subsequently returned to General Population.

Plaintiff alleges that Defendants DeBoer and Henderson both subjected him to unlawful retaliation in violation of his First Amendment rights.   Plaintiff also alleges that DeBoer and Henderson engaged in an unlawful civil conspiracy to deprive Plaintiff of his right to be free from unlawful retaliation.   Defendants DeBoer and Henderson now move for summary judgment.   Plaintiff has responded to the motion. The Court finds that oral argument is unnecessary.   *See* W.D. Mich. LCivR 7.2(d).

## SUMMARY JUDGMENT STANDARD

Summary judgment "shall" be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."   Fed. R. Civ. P. 56(a).   Whether a fact is "material" depends on "whether

its resolution might affect the outcome of the case." *Harden v. Hillman*, 993 F.3d 465, 474 (6th Cir. 2021).

A party moving for summary judgment can satisfy its burden by demonstrating that the non-moving party, "having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her case." *Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005). Once the moving party makes this showing, the non-moving party "must identify specific facts that can be established by admissible evidence, which demonstrate a genuine issue for trial." *Amini v. Oberlin College*, 440 F.3d 350, 357 (6th Cir. 2006). The existence of a mere "scintilla of evidence" in support of the non-moving party's position, however, is insufficient. *Daniels v. Woodside*, 396 F.3d 730, 734-35 (6th Cir. 2005).

While the Court must view the evidence in the light most favorable to the non-moving party, that party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Amini*, 440 F.3d at 357. The non-moving party "may not rest upon [his] mere allegations," but must instead present "significant probative evidence" establishing that "there is a genuine issue for trial." *Pack v. Damon Corp.*, 434 F.3d 810, 813-14 (6th Cir. 2006). Likewise, the non-moving party cannot merely "recite the incantation, 'credibility,' and have a trial on the hope that a jury may disbelieve factually uncontested proof." *Fogerty v. MGM Group Holdings Corp., Inc.*, 379 F.3d 348, 353-54 (6th Cir. 2004).

Accordingly, summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."   *Daniels*, 396 F.3d at 735.   Stated differently, the "ultimate question is whether the evidence presents a sufficient factual disagreement to require submission of the case to the jury, or whether the evidence is so one-sided that the moving parties should prevail as a matter of law." *Harden*, 2021 WL 1257802 at *4.

## ANALYSIS

### I.    Retaliation

To prevail on his retaliation claims, Plaintiff must satisfy three elements: (1) he was engaged in constitutionally protected conduct; (2) a defendant took adverse action against him which would deter a person of ordinary firmness from continuing to engage in protected conduct; and (3) the adverse action was motivated by Plaintiff's protected conduct.   *See Holzemer v. City of Memphis*, 621 F.3d 512, 520 (6th Cir. 2010).

#### A.    Defendant DeBoer

The adverse action forming the basis of Plaintiff's claim against DeBoer is the allegation that Defendant Henderson falsely charged Plaintiff with a misconduct violation.   (ECF No. 1 at PageID.6-7).   Plaintiff has failed to present evidence, however, that Defendant DeBoer was involved in, or participated in, the decision by Defendant Henderson to charge Plaintiff with a misconduct violation.   Thus, Plaintiff's retaliation claim against Defendant DeBoer fails because Plaintiff cannot establish that

DeBoer took any adverse action against him.   The undersigned, therefore, recommends that Defendant DeBoer is entitled to summary judgment as to Plaintiff's retaliation claim.

### B.    Defendant Henderson

Defendant moves for summary judgment on the ground that Plaintiff cannot satisfy any of the elements of his retaliation claim.   The undersigned disagrees.

### A.    Protected Conduct

Plaintiff alleges that on the night in question, Defendant Henderson woke him up and verbally threatened him.   Plaintiff indicated that he was going to file a grievance against Henderson who responded by charging Plaintiff with a misconduct violation. Defendant argues that because Plaintiff's threat to file a grievance did not constitute protected conduct he is entitled to summary judgment.   Specifically, Defendant argues that Plaintiff's threat to file a grievance was not protected conduct because the grievance Plaintiff threatened to file would have been frivolous.   As Defendant correctly asserts, a threat by a prisoner to file a frivolous grievance does not constitute protected conduct. *See, e.g., Pasley v. Conerly*, 345 Fed. Appx. 981, 985 (6th Cir., Sept. 29, 2009).   The shortcoming in Defendant's argument, however, is that Defendant has failed to establish that the grievance Plaintiff threatened to file was frivolous.

Defendant argues that a threat to file a grievance concerning "verbal abuse" is not protected conduct "because a grievance asserting verbal abuse by a prison guard is frivolous."   *Good v. Spencer*, 2022 WL 9813754 at *4 (W.D. Mich., July 19, 2022).   The

Court disagrees, however, that Defendant Henderson's alleged comments to Plaintiff are properly characterized as mere harassment. Plaintiff asserts that Henderson "threatened" him by stating, "Yeah I heard about you motherfucker, you a punk bitch, you want to intimidate officers and want to help punk ass inmates, you gonna learn down here we don't play that shit down here in 4-Unit. I got your ass. Go lay your punk ass down."[1]

The Court recognizes that verbal harassment or threats by a prison guard do not themselves rise to the level of a constitutional violation. *See, e.g., Ivey v. Wilson*, 832 F.2d 950, 954-55 (6th Cir. 1987). Such does not lead to the conclusion, however, that a threat to file a grievance regarding verbal threats does not constitute protected conduct as a grievance need not allege a violation of constitutional rights to be deemed non-frivolous. *See, e.g., Rayos v. Leavitt*, 2022 WL 873633 at *1 (W.D. Mich., Mar. 24, 2022) ("The First Amendment protects a prisoner's right to complain about conduct by prison officials. Those complaints do not have to rest upon constitutional rights in order to qualify as protected conduct").

As courts recognize, "[b]eyond the general acknowledgement that grievances used to abuse or manipulate the grievance system are frivolous, limited authority exists as to what renders a grievance frivolous." *Webb v. Golladay*, 2022 WL 4369931 at *3 (W.D. Mich., May 12, 2022). A grievance may be frivolous where the issue about which the

---

[1] Plaintiff makes this assertion in his sworn complaint, which is incorporated by reference in Plaintiff's response to the present motion.

prisoner is complaining is *de minimis*. *See, e.g., Thaddeus-X v. Love*, 2000 WL 712354 at *2-3 (6th Cir., May 22, 2000). Defendant has identified no authority, however, that it is frivolous or *de minimis* for an inmate to file a grievance alleging threats by a prison guard. This is not surprising considering that MDOC Policy expressly provides that "[p]risoners shall not be subjected to personal abuse from staff." Mich. Dep't of Corr. Policy Directive 03.03.130 ¶ J (eff. Oct. 1, 2019). MDOC Policy further provides that "[g]rievances may be submitted regarding alleged violations of policy or procedure or unsatisfactory conditions of confinement that personally affect the grievant, including alleged violations of this policy and related procedures." Mich. Dep't of Corr. Policy Directive 03.02.130 ¶ F (eff. Mar. 18, 2019). Had Plaintiff filed a grievance complaining of Henderson's alleged verbal threats such would hardly constitute a frivolous grievance. Thus, Defendant's argument that Plaintiff was not engaged in protected conduct is rejected.

The Court also rejects Defendant's argument that the video evidence he submitted shows that Plaintiff's allegations are "verifiably untrue." The Court recognizes that there exists authority indicating that a grievance involving "verifiably untrue" allegations is considered frivolous. *See, e.g., Webb*, 2022 WL 4369931 at *3. Defendant has failed to establish, however, that Plaintiff's allegations are verifiably untrue. The video Defendant submitted allegedly shows some sort of interaction between Henderson and Plaintiff. (ECF No. 51, Exhibit E). But, because the video lacks sound, it fails to disprove Plaintiff's allegations that Defendant Henderson verbally threatened him

-7-

during this encounter.    Accordingly, this argument is rejected.    In sum, Defendant has

failed to establish that Plaintiff was not engaged in protected conduct.

B.        Adverse Action

Defendant next argues that he is entitled to relief because Plaintiff did not

experience any adverse action in response to his protected conduct, but rather merely

suffered "a consequence of his actions."    Again, the Court is not persuaded.

As previously noted, in response to Plaintiff's threat to file a grievance,

Defendant Henderson charged Plaintiff with Threatening Behavior.    Plaintiff was

found not guilty of this charge.      (ECF No. 25 at PageID.155).    Specifically, the

Hearing Officer concluded that, "I simply don't find this misconduct [charge] makes

sense or [is] logical."    (*Id.*).

Defendant concedes that a "false misconduct charge" may constitute "adverse

action," but argues that he is nevertheless entitled to relief because Plaintiff really did

commit the actions charged in the misconduct violation.    Defendant's argument is

supported by evidence.    Plaintiff, however, has likewise submitted evidence that

Defendant Henderson fabricated the misconduct charge to retaliate against him.

(ECF No. 1).    As the parties' competing evidence makes clear, whether Plaintiff

suffered an adverse action is a disputed question of fact which the Court cannot resolve

on summary judgment.    Accordingly, this argument is rejected.

C.    Causal Connection

Finally, Defendant Henderson argues that he is entitled to relief because Plaintiff cannot establish a causal connection between his protected conduct and the adverse action he suffered in response thereto.    Interpreted in Plaintiff's favor, the evidence reveals that immediately after Plaintiff informed Henderson that he was going to file a non-frivolous grievance against him, Henderson falsely charged Plaintiff with a misconduct violation.    Plaintiff can establish this element through circumstantial evidence.  *See, e.g., Maben v. Thelen*, 887 F.3d 252, 267 (6th Cir. 2018).    It would be difficult to imagine stronger circumstantial evidence of a causal connection between protected conduct and adverse action.    This argument is, therefore, rejected.

## II.    Conspiracy

Plaintiff alleges that Defendants conspired to violate his rights.    To prevail on these claims, Plaintiff must establish: (1) a single plan existed; (2) Defendants shared the objective to violate Plaintiff's rights; and (3) an overt act in furtherance of this objective was committed.    *See Weatherspoon v. Woods*, 2017 WL 3923335 at *3 (6th Cir., Feb. 24, 2017).    Plaintiff has failed to present any evidence regarding the first two elements.    Plaintiff's unsubstantiated conclusions are insufficient.    *See Daniels*, 396 F.3d at 735 (summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial").    The undersigned

recommends, therefore, that Defendants DeBoer and Henderson are both entitled to summary judgment on Plaintiff's conspiracy claims.

**CONCLUSION**

For the reasons articulated herein, the undersigned recommends that Defendants' Motion for Summary Judgment (ECF No. 50) be granted in part and denied in part.   Specifically, the undersigned recommends that Defendants' motion be granted except as to Plaintiff's retaliation claim against Defendant Henderson which should go forward.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of the date of service of this notice.   28 U.S.C. § 636(b)(1)(C).   Failure to file objections within the specified time waives the right to appeal the District Court's order.   *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date: August 7, 2023                  /s/ Phillip J. Green
                                      PHILLIP J. GREEN
                                      United States Magistrate Judge