UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICKEY LEE MARTIN, #413601

    Plaintiff,

v.

UNKNOWN HENDERSON, et al.,

    Defendants.
_____/

Case No. 1:21-cv-330

HON. ROBERT J. JONKER

## ORDER APPROVING AND ADOPTING REPORT AND RECOMMENDATION

The Court has reviewed Magistrate Judge Green's Report and Recommendation recommending that the Court grant in part and deny in part Defendants Beth DeBoer and Robert Henderson's Motion for Summary Judgment. (ECF No. 55). The Court has also reviewed Henderson's Objections to the Report and Recommendation, (ECF No. 57), Plaintiff Martin's Response to Henderson's Objections, (ECF Nos. 60, 67), and Martin's Objections to the Report and Recommendation, (ECF No. 66).

Under the Federal Rules of Civil Procedure, where—as here—a party has objected to portions of a Report and Recommendation, "[t]he district judge has a duty to reject the magistrate judge's recommendation unless, on *de novo* reconsideration, he or she finds it justified." 12 C. WRIGHT & A. MILLER, FEDERAL PRACTICE AND PROCEDURE § 3070.2 (3d ed. Apr. 2023 update). Specifically, the Rules provide that:

> The district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

FED R. CIV. P. 72(b)(3).  *De novo* review in these circumstances requires at least a review of the evidence before the Magistrate Judge.  *Hill v. Duriron Co., Inc.*, 656 F.2d 1208, 1215 (6th Cir. 1981).  The Court has reviewed *de novo* the claims and evidence presented to the Magistrate Judge.  After its review, the Court finds the Magistrate Judge's Report and Recommendation is factually sound and legally supported.

Plaintiff was permitted to proceed *in forma pauperis*.  (ECF No. 3).  After conducting the requisite review under 28 U.S.C. § 1915(e)(2), the Magistrate Judge carefully and thoroughly considered the record and the governing law.  Judge Green recommends that the Court grant Defendants' Motion for Summary Judgment on Martin's First Amendment retaliation claim against DeBoer, (ECF No. 55 at PageID.448–49), and his conspiracy claim against DeBoer and Henderson, (*id.* at PageID.453–54).  Judge Green also recommends that the Court deny Defendants' Motion for Summary Judgment on Martin's First Amendment retaliation claim against Henderson.  (*Id.* at PageID.449–53).

### A.     Defendant DeBoer and the Conspiracy Claim

The Magistrate Judge properly analyzed Martin's First Amendment retaliation claim against DeBoer.  The crux of Martin's claim against DeBoer is that *Defendant Henderson* falsely filed a misconduct ticket against Martin after he told Henderson he was going to file a grievance against him.  As Judge Green pointed out, however, Martin has "failed to present evidence . . . that *Defendant DeBoer* was involved in, or participated in, the decision by *Defendant Henderson* to charge Plaintiff with a misconduct violation." (ECF No. 55 at PageID.448 (emphases added)).  In his Objection, Martin counters that Henderson's use of plural nouns and pronouns—such as when Henderson told Martin that Unit 4 does not tolerate prisoners who "intimidate officers"—shows that Henderson acted with DeBoer's approval.  (ECF No. 66).  But this tenuous argument requires

too many inferential leaps to survive summary judgment. Ultimately, because Martin offers only speculative evidence linking DeBoer to Henderson's misconduct charge against him, DeBoer is entitled to summary judgment on his First Amendment retaliation claim against her.

Martin's conspiracy claim against Defendants fails for materially identical reasons. To succeed on his conspiracy claim, Martin must prove (1) a single plan existed; (2) Defendants shared the objective to violate Martin's rights; and (3) Defendants engaged in an overt act in furtherance of the conspiracy. *See, e.g.*, *Weatherspoon v. Woods*, 2017 WL 3923335, at *3 (6th Cir. Feb. 24, 2017). But as indicated above, Martin puts forward no firm evidence to support the first two elements. Indeed, his entire conspiracy argument relies on conclusory assertions linking DeBoer and Henderson. Summary judgment in favor of Defendants on Martin's conspiracy claim is therefore appropriate.

### B. Defendant Henderson

The Court also agrees with the Magistrate Judge's recommendation to deny summary judgment on Martin's First Amendment retaliation claim against Henderson. (ECF No. 55 at PageID.449–53). Starting with the protected conduct element, even though verbal harassment from a prison guard is not a constitutional violation, a grievance does not have to be grounded in a constitutional violation to be considered protected conduct. *See, e.g.*, *Rayos v. Leavitt*, 2022 WL 873633, at *1 (W.D. Mich. Mar. 24, 2022). The First Amendment protects a prisoner's right to complain about conduct by prison officials, *see id.*, and as Judge Green stated, "Had Plaintiff filed a grievance complaining of Henderson's alleged threats, such would hardly constitute a frivolous grievance," (ECF No. 55 at PageID.451). Accordingly, the Court rejects Henderson's argument that he is entitled to summary judgment because Martin's threatened grievance was not protected conduct.

Moreover, as Judge Green explained, summary judgment is also inappropriate because there are genuine disputes of material fact for the remaining two elements of Martin's First Amendment retaliation claim against Henderson.  (ECF No. 55 at PageID.448–53).  With respect to the adverse action requirement, Plaintiff has submitted evidence that Henderson falsely filed a misconduct ticket, including documentation showing that prison officials later cleared the threatening behavior charge because it did not "make[] sense" and was not "logical."  (ECF No. 53-2 at PageID.418).  This evidence—which directly contradicts Henderson's assertion that Martin really did commit the charged misconduct—creates a genuine dispute regarding whether Martin suffered an adverse action in response to his threat to file a grievance against Henderson.

Similarly, for the causation element, as Judge Green emphasized, "[i]t would be difficult to imagine stronger circumstantial evidence of a causal connection between protected conduct and adverse action" than Martin's allegation here—that Henderson falsely charged Martin with misconduct immediately after Martin told him that he was going to file a non-frivolous grievance against him for verbal threatening him.  (ECF No. 55 at PageID.453).  Henderson's Objections are nothing more than repackaged versions of arguments the Magistrate Judge appropriately rejected and have no impact on the Court's analysis.  (ECF No. 57).  The Court therefore denies Henderson's Motion for Summary Judgment on the First Amendment retaliation claim against him.

**ACCORDINGLY, IT IS ORDERED**:

1. The Report and Recommendation of the Magistrate Judge, (ECF No. 55), is **APPROVED AND ADOPTED** as the opinion of the Court.

2. Defendants' Motion for Summary Judgment, (ECF No. 50), is **GRANTED IN PART** and **DENIED IN PART.**

3. Defendant DeBoer is **DISMISSED** as a party Defendant from this case. This case shall move forward on Plaintiff's retaliation claim against Defendant Henderson only.

**IT IS SO ORDERED.**


Dated: February 1, 2024          /s/ Robert J. Jonker
ROBERT J. JONKER
UNITED STATES DISTRICT JUDGE